Carl Redcross et al., Individually and as Parents and Natural Guardians of Travis Redcross, an Infant, Respondents, v Aetna Casualty and Surety Company, Appellant, and Miriam Solomon et al., Respondents.

Third Department, March 23, 1989

APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Dianne Bresee Mayberger* of counsel), for appellant.

*Rutnik & Rutnik (Douglas P. Rutnik* of counsel), for Carl Redcross and another, respondents.

*Paul M. Whitaker* for Miriam Solomon and another, respondents.

## OPINION OF THE COURT

HARVEY, J.

This declaratory judgment action arises out of a related action plaintiffs commenced as a result of injuries sustained by Travis Redcross, an infant, when his bicycle collided with an automobile driven by defendant Herman Solomon and owned by defendant Miriam Solomon. This action seeks a declaration that the $100,000 per person liability limit for bodily injury contained in an automobile liability insurance policy issued by defendant Aetna Casualty and Surety Company (hereinafter Aetna) to the Solomons applies separately to Redcross' bodily injury claims and to plaintiffs' derivative claims for care and loss of services. The Solomons asserted a cross claim against Aetna seeking the same relief. Plaintiffs then moved, and the Solomons cross-moved, for summary judgment seeking to have the coverage issue decided as a matter of law. Aetna cross-moved for summary judgment. Supreme Court denied Aetna's cross motion and granted the motions of plaintiffs and the Solomons. This appeal by Aetna followed.

The sole issue on this appeal is whether derivative claims are included within the $100,000 per person bodily injury liability limit contained in Aetna's insurance policy, which states in pertinent part: "The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability [$100,000] is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability [$300,000] is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident."

It has been well-settled hornbook law of this State and almost every court of other States that derivative damages

and direct damages are added together to determine the limit of liability for bodily injury sustained by one person. "Under a coverage clause of a liability insurance policy limiting the insurer's liability to a specified amount for all damages arising out of bodily injury of 'one' person, the insurer's liability is limited to the maximum amount stated regardless of the number of claimants. This principle has been applied particularly in regard to claims for recovery of consequential damages, and it has been held that consequential damages, such as loss of consortium, or medical and hospital expenses, cannot be recovered in excess of the amount of the policy limitation relating to bodily injury to one person" (71 NY Jur 2d, Insurance, § 1773, at 151-152). "Under the usual rule, payment by a parent of medical expenses will not preclude an action by the minor for his losses, and such rule applies, as well, to UM [uninsured motorist] coverages. This does not mean, however, that there can be no recovery by a parent or spouse for a derivative or consequential loss, such as for loss of consortium or services. However, since such damages flow from the bodily injury received by the victim, the single unit measure of damages fixed by the policy limits the recovery to be had for all loss to, or on account of, that person. And a single award for all damages sustained will discharge the insurer's liability" (8C Appleman, Insurance Law and Practice § 5097, at 433).

Because plaintiffs have raised rather novel ideas as to the proper interpretation of the limitations paragraph of the policy, we will analyze those contentions. Plaintiffs contend that the provision can be reasonably construed to mean that the stated limitation applies to each person damaged by the injuries sustained by one person. In this case, plaintiffs were severely damaged economically and emotionally because of the bodily injuries suffered by their minor son. However, to construe the policy so as to allow the maximum limitation to each person damaged would require a reordering of the words of the policy, a method disapproved by the courts. The proper method of construction is that words and phrases ordinarily refer only to the immediately preceding language *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 254). Under this rule the qualifying words "sustained by any one person" would modify the immediately preceding phrase "for bodily injury" and not "all damages" as contended by plaintiffs *(see, Lepic v Iowa Mut. Ins. Co.,* 402 NW2d 758 [Iowa]).

Supreme Court noted that the cases relied upon by Aetna

were of comparatively ancient vintage, a correct observation. Plaintiffs have not alleged or contended, however, that Aetna's interpretation of its policy has not been the same interpretation which has determined the settlement of thousands of claims both with or without judicial mediation in this State since *Brustein v New Amsterdam Cas. Co.* (255 NY 137) in 1931.

We find nothing ambiguous in the language of the policy. The fact-that the language of the uninsured motorist rider attached to the policy is more specific in stating that "all damages" includes derivative claims than the language being examined does not create any ambiguity in the main policy. The language being questioned refers to all damages, which is unambiguous.

One's interpretation of a policy provision must be held up to the light of reason and common sense. If we were to accept plaintiffs' interpretation we would determine that plaintiffs' combined limitation in this case would be $200,000, while a person over the age of 21, with the same injuries and special damages but for which there was no derivative claim would have a combined limitation of only $100,000.

MAHONEY, P. J., WEISS, LEVINE and MERCURE, JJ., concur.

Order reversed, on the law, with costs, motions for summary judgment by plaintiffs and defendants Miriam and Herman Solomon denied, and cross motion for summary judgment by defendant Aetna Casualty and Surety Company granted to the extent that it is declared that derivative claims are included within the $100,000 per person bodily injury liability limit contained in the insurance policy.