NEWMAN ET AL., APPELLANTS, *v.* UNITED OHIO INSURANCE COMPANY, APPELLEE.

[Cite as *Newman v. United Ohio Ins. Co.* (1994), 68 Ohio St.3d 170.]

(No. 92–1875—Submitted December 15, 1993—Decided January 19, 1994.)

*David Reid Dillon,* for appellants.

*Mark P. Seitzinger,* for appellee.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A.,* and *Andrew Krembs;* and *Robert P. Rutter,* urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

*Hamilton, Kramer, Myers & Cheek* and *James R. Gallagher,* urging affirmance for *amicus curiae,* Ohio Association of Civil Trial Attorneys.

The cause is reversed and remanded on authority of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. The trial court is instructed to apply the *Savoie* test to the facts of the case.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

MOYER, C.J., concurring separately.   I concur separately in the judgment entry in the above-styled case.   As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced in the majority decision.   Nevertheless, it is the law on the issue in the above-styled case.   As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

WRIGHT, J., dissenting.   I must dissent in continuing protest to the majority's sundry holdings in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.   As stated in the dissent in *Savoie,* that holding lacks sound reasoning, reverses ten years of established case law and flouts the will of the General Assembly.   Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.