NEWMAN ET AL., APPELLANTS, *v.* UNITED OHIO INSURANCE COMPANY, APPELLEE.

[Cite as *Newman v. United Ohio Ins. Co.* (1994), 69 Ohio St.3d 1204.]

(No. 92–1875—Submitted March 1, 1994—Decided May 4, 1994.)

*David Reid Dillon,* for appellants.

*Ritter, Robinson, McCready & James* and *Mark P. Seitzinger,* for appellee.

---

Appellee, United Ohio Insurance Company, has moved this court for reconsideration of our decision in *Newman v. United Ohio Ins. Co.* (1994), 68 Ohio St.3d 170, 624 N.E.2d 728. Appellee's motion is denied.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents and would sustain the motion for reconsideration.

Wright, J., dissents.

Douglas, J., concurring. Appellee, United Ohio Insurance Company, has moved this court for reconsideration of our decision in *Newman v. United Ohio Ins. Co.* (1994), 68 Ohio St.3d 170, 624 N.E.2d 728. Appellee "seeks reconsideration in order that the Court may clarify the ambiguities and confusion created by the *Savoie* decision, specifically syllabus 3." In seeking reconsideration, appellee argues that " * * * Syllabus 3 of *Savoie* fails to mention the issue of setoff or to address whether the setoff is to be made from the insured's *damages* as opposed to the *written limit of* underinsured *coverage.* * * *" (Emphasis added.)

I concurred in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. My concurrence was based on my understanding (and it is still my belief) that *Savoie* (1) requires setoff; (2) requires that any setoff be against the insured's *damages* (*not the written limits* of underinsured coverage); and (3) that paragraph three of the syllabus of *Savoie* applies to " * * * *all* personal injury cases * * *" (emphasis added) (*Hillman v. Hastings Mut. Ins. Co.* [1994], 68 Ohio St.3d 238, 239, 626 N.E.2d 73, 74, Pfeifer, J., concurring) and not *just* to wrongful death cases. I write now only to reassert what *Savoie,* in part, stands for and to clarify any alleged confusion with the decision.

Finally, it is interesting to note how many parties, seeking reconsideration of their cases and *Savoie,* are now citing to us *Wood v. Shepard* (1988), 38 Ohio St.3d 86, 526 N.E.2d 1089, as an accurate and moderate pronouncement of the law on the subjects addressed therein. The previous continued hammering at *Wood,* in attempts to limit or overrule its holding, produced a plethora of bad case law which the *Savoie* court felt the need to correct.

Appellee now has its clarification without need of reconsideration. I concur with the majority in denying reconsideration.

A.W. SWEENEY, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing opinion.