[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This appeal comes to us from the Sandusky County Probate Court which allocated wrongful death settlement proceeds pursuant to R.C. 2125.03. Because we conclude that the trial court acted within its discretion when it fashioned its distribution order, we affirm.
Joseph Haralson was killed while a passenger in an automobile driven by another. He was survived by his mother, (appellant Juanita Haralson), two brothers, (appellants Anthony and Duane Haralson), a sister, (appellant Belinda Jones), and a two-year-old son, who is the appellee in this matter.
Juanita Haralson was appointed administrator of her son's estate. In that capacity, she settled a wrongful death claim against the driver of the car in which Joseph Haralson was riding. She obtained a $100,000 settlement from the driver's insurer. Pursuant to R.C. 2125.03, the proceeds of the settlement were submitted to the probate court for allocation among the decedent's beneficiaries.
Following a hearing, the court found that all of the statutory beneficiaries suffered damages from the decedent's loss, but appellee was dependent on decedent for financial support while none of the other beneficiaries were. On these findings, the court allocated seventy percent of the insurance proceeds to appellee, fifteen percent to Joseph Haralson's mother, and five percent each to his three siblings.
From this judgment, appellants now appeal, setting forth the following three assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "The Probate Court erred in allocating to Tyler Haralson, the minor son of Joseph Haralson, more money from a wrongful death settlement than Tyler Haralson would have received had Joseph Haralson had not been survived by his mother, and siblings.
"ASSIGNMENT OF ERROR NO. 2
 "In arriving at an equitable allocation of wrongful death settlement proceeds the Probate Court is bound by the applicable limits of the underlying insurance policy from which settlement proceeds originated.
"ASSIGNMENT OF ERROR NO. 3
 "The trial Court erred in awarding to Tyler Haralson 70% of the wrongful death settlement proceeds. The maximum any one person could have recovered from the underlying insurance policy would have been 50% of said wrongful death settlement proceeds."
Appellants' arguments will be discussed together. All the arguments are based on a central premise that has two components: 1) the tortfeasor's insurance policy carried a $50,000 per person/$100,000 per incident limit on coverage, and 2) without the existence of one or more of the appellants as individuals presumed injured pursuant to R.C. 2125.02(A)(1), see Newman v.United Ohio Ins. Co. (1994), 68 Ohio St.3d 170; Cincinnati Ins.Co. v. Phillips (1990), 52 Ohio St.3d 162, 166, the most appellee could have received was $50,000. Consequently, appellants assert, each appellant is entitled to an equal share of the whole settlement, or at worst, appellee should be entitled to no more than $50,000 — the amount he would have received had he been the only one statutorily presumed injured. Any other result, appellants assert, "* * * is to steal from Joseph Haralson's mother and his siblings * * *." Appellants concede that they have found no authority to support this premise, but insist the court's distribution plan is, "* * * contrary to the beliefs of all practicing attorneys counsel has discussed this with."
An insurance policy is a contract which obligates the insurer to indemnify the insured from certain risks, generally for a finite amount of money. State ex rel. Herbert v. Standard OilCo. (1941), 138 Ohio St. 376, syllabus. In some instances, as a matter of public policy, the state may impose certain terms on the insurance contract. See, e.g. Wood v. Shepard (1988), 38 Ohio St.3d 86.
In this instance, the tortfeasor's policy contained limits of $50,000 per person injured and $100,000 per incident. R.C. 2125.02 and various cases, including those cited above, give a decedent's surviving spouse, children, and parents separate injury claims for purposes of calculating coverage. This is all R.C. 2125.02 does. There is nothing in the language of the statute to indicate that the general assembly intended the statute to also set distribution rights for these beneficiaries.
On the other hand, R.C. 2125.03 specifically provides that amounts received by the decedent's personal representative from actions brought under R.C. 2125.02 shall be distributed to the beneficiaries and,
 "* * * [t]he court that appointed the personal representative, except when all of the beneficiaries are on an equal degree of consanguinity to the deceased person, shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries. * * *."
The direction of the legislature that the court distribute wrongful death proceeds, "* * * in a manner that is equitable * * *," is simply antithetical to appellants' position that the insurance contract controls distribution. The statute prevails. Accordingly, appellants' second and third assignments of error are found not well-taken.
Remaining is the question of whether the court ordered distribution was equitable. That decision rests in the sound discretion of the court and will not be reversed on review absent an abuse of that discretion. In re: Estate of Marinelli (1994),99 Ohio App.3d 372, 378. An abuse of discretion is more than an error of law or judgment, the term connotes an attitude by the court that is arbitrary, unreasonable, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 168-169.
The trial court found that Joseph Haralson's two year-old son would be the beneficiary most injured by his father's death. This decision was certainly supported by the facts and reason. Accordingly, appellants' remaining assignment of error is found not well-taken.
The judgment of the Sandusky County Probate Court is affirmed. Appellants are ordered to pay court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.