Rosemary Joseph appeals the opinion and judgment of the Common Pleas Court of Seneca County granting appellee German Mutual Insurance Co.'s motion for summary judgment.
On November 11, 1995 appellant Rosemary Joseph was severely injured when the car in which she was a passenger was struck by a train. In addition to filing claims against Max Miller (the driver and tortfeasor), and against the railroad company, appellant filed an underinsured motorist claim with her own carrier, appellee German Mutual Insurance Co.[1] Appellee made a motion for summary judgment, observing that the tortfeasor Max Miller possessed a liability insurance policy with the Westfield Insurance Company that provided coverage up to $500,000. Appellee argued that under the Senate Bill 20 amendments to R.C. 3927.18(A)(2) $500,000 should be set off from any underinsurance recovery to which appellant was entitled, and that because the limit of appellant's underinsurance policy was $300,000 a setoff of $500,000 eliminated any recovery under that policy. Appellant responded that the Senate Bill 20 amendments to R.C. 3927.18 were enacted in violation of the Ohio Constitution.[2] On October 9, 1998, the trial court granted appellee's motion for summary judgment and held that R.C. 3927.18(A)(2) was constitutional, based on this court's decision in Ott v. Borchardt (Mar. 31, 1998), Seneca App. No. 13-97-47, unreported.
In making its determination on appellee's motion for summary judgment, the Court reviewed the discovery evidence and observed that it was undisputed that on the date of the accident, the tortfeasor possessed a liability insurance policy worth $500,000:
 In this case, Max R. Miller on November 11, 1995 possessed through Westfield Insurance Company an automobile insurance policy with limits of $500,000. At the time of the collision between the motor vehicle operated by Max R. Miller and the CSX train, Rosemary Joseph was the only passenger in Miller's vehicle. Since one claim for bodily injury has arisen from this collision, the court finds that the "amounts available for payment" to compensate Rosemary Joseph under the Westfield automobile insurance policy is [sic] $500,000. Since the amount available to Rosemary Joseph for payment under Westfield's policy is greater that the policy limit of Rosemary Joseph's underinsured motorist coverage of $300,000, application of the aforesaid provisions of the Ohio Revised Code section 3937.18(A)(2) mandate that Rosemary Joseph does not possess an underinsured motorist claim.
Based on this analysis, the court granted appellee's motion for summary judgment.
Appellant now asserts five assignments of error with that judgment.
 The trial court erred in finding that Am. Sub. Senate Bill 20 was constitutional as Senate Bill 20 violates the right to remedy, separation of powers, special privileges and immunities and equal protection provisions of the Ohio Constitution.
 Senate Bill 20 violates the right to remedy provision of the Ohio Constitution.
 Senate Bill 20 violates the separation of powers provision of the Ohio Constitution.
 Senate Bill 20 violates the Ohio constitutional provision against conferring special privileges and immunities.
 Senate Bill 20 violates the equal protection clause of the Ohio Constitution.
Because she presents a facial challenge to S.B. 20, appellant apparently accepts that under the version of R.C. 3937.18(A)(2) in effect on the date of the accident, she has no claim for underinsured motorist insurance:
 Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's underinsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
R.C. 3937.18(A)(2) (as amended eff. 10-20-94, emphasis added). The clear language of that statute[3] requires a setoff of the amount of liability insurance available for payment to the insured from the policy limit of the applicable underinsured motorist coverage. The apparent purpose of this setoff is to "afford the insured an amount of protection not greater than that which would be available under the insured's underinsured motorist coverage if the person or persons liable were uninsured at the time of the accident." R.C. 3937.18(A)(2). We agree with the trial court that by applying the setoff rule to the facts of this case, the $500,000 available for payment from the Westfield policy would be setoff from appellant's $300,000 underinsured policy limit, leaving no available underinsured coverage. It is therefore undisputed that under the S.B. 20 amendments to R.C. 3937.18(A)(2) appellant has no underinsured motorist claim.[4]
In Beagle v. Walden (1997), 78 Ohio St.3d 59, a majority of the Ohio Supreme Court held that Senate Bill 20 did not violate the Ohio Constitution's prohibition against the enactment of multiple-subject legislation. See id. at 62. The lead opinion also addressed the constitutional arguments raised in the instant case, but the parts of the opinion addressing those issues were not joined by a majority of the Court:
 The decision of the Ohio Supreme Court in Beagle is somewhat unusual in that * * * * a majority of four justices concurred only as to the constitutional issue of the One-Subject Rule * * *. Three justices dissented, without opinion, as to all issues addressed in the lead opinion of Beagle, and one justice, having concurred only as to the One-Subject Rule, in essence, abstained as to the remaining issues.
Ott v. Borchardt (Mar. 31, 1998), Seneca App. No. 13-97-47, unreported at *4 (Shaw, J., concurring separately). Accordingly, it is our conclusion that the Ohio Supreme Court has issued no definitive pronouncement as to the constitutionality of R.C. 3937.18(A)(2).
However, in Ott v. Borchardt, supra, this Court heard and rejected all of the arguments raised by appellant. See Id.
Although the lead opinion in Ott did not garner a majority, this Court was unanimous in the judgment that all of appellant's constitutional challenges should be overruled. Therefore on the authority of that judgment, appellant's five assigned errors are overruled, and the judgment and order of the Court of Common Pleas of Seneca County is affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] Neither Mr. Miller nor CSX Transportation Co. (the railroad company) are parties to this appeal.
[2] At the outset, we observe that appellant's assignments of error challenge the constitutionality of the legislature's enactment of Senate Bill 20, specifically that statute's amendments to R.C. 3937.18(A)(2). Although the lead opinion inOtt v. Borchardt does not explicitly limit its discussion to R.C. 3937.18(A)(2), a review of the opinion reveals that the discussion was indeed limited to that section. Moreover, except for the discussion of the One-Subject Rule (not at issue in this case), the Supreme Court's discussion in Beagle v. Walden
was specifically limited to the question of whether "Ohio Revised Code § 3937.18(A)(2) is unconstitutional on any grounds under the facts of [that] case * * *." Because the other legislative actions taken in S.B. 20 are not directly before this court, we decline to express any opinion S.B. 20's other enactments.
[3] R.C. 3937.18(A)(2) was amended again effective September 3, 1997 by Am. Sub. H.B. 261. However, the changes to R.C.3937.18(A)(2) enacted in that statute are not relevant to this appeal.
[4] Our decision presumes arguendo that appellant's claim would be allowable under the pre-S.B.20 version of R.C. 3937.18(A)(2) as interpreted in Savoie v. Grange Mutual Ins. Co. (1993), 67 Ohio St.3d 500. However, it uncertain whether that case expanded R.C. 3937.18(A)(2)'s definition of "underinsured motorist coverage" to include claims such as the instant case, where the amounts "available for payment" from the tortfeasor's liability policy exceed the liability limits of the victim's underinsurance policy. Under the law prior to Savoie, it is clear that appellant's claim would not be allowable. See Hillv. Allstate Ins. Co. (1990), 50 Ohio St.3d 243, 245. However, we observe that appellant's claim would fail under the rule advocated by the Hill dissenters as well. See id. at 251 (Resnick, J., dissenting). Moreover, we have been unable to find any Supreme Court cases that allowed a plaintiff to recover on analogous facts. See, e.g., Newman v. United OhioIns. Co. (1994), 69 Ohio St.3d 1204, 1205 (Douglas, J., concurring); Hillman v. Hastings Mutual Ins. Co. (1993),68 Ohio St.3d 238, 240 (Wright, J., dissenting). The remainder of the case law is ambiguous at best. Therefore, even if S.B. 20 were to be held unconstitutional, it is not clear that appellant would be entitled to an underinsurance recovery.