**ERIE COUNTY DRUG TASK FORCE, Appellant,**

v.

**ESSIAN et al., Appellees.**

[Cite as *Erie Cty. Drug Task Force v. Essian* (1992), 82 Ohio App.3d 27.]

Court of Appeals of Ohio,
Erie County.

No. E-91-66.

Decided Aug. 21, 1992.

*Terry Griffith,* for appellant.

*Richard McClure,* for appellees.

SHERCK, Judge.

This is an appeal from a judgment of the Erie County Court of Common Pleas that dismissed appellant's complaint for forfeiture of an automobile. The automobile was allegedly used in connection with the crime of trafficking in drugs. Because the General Assembly did not specifically make the amended portion of the forfeiture statute applicable to pending cases, we find no error on the part of the trial court in failing to apply the amended statute. Therefore, we affirm the judgment of the trial court.

Appellees are Thomas and Cheryl Essian. On July 13, 1990, in the course of a drug investigation, police officers observed a camper being pulled by appellees' automobile, a 1981 Oldsmobile. On August 18, 1990, officers executed a warrant, arrested appellees, and determined that the camper had been used to transport marijuana. Appellees were charged with trafficking in drugs.

Appellant is the Erie County Drug Task Force. On September 19, 1990, the law enforcement officers working for appellant seized the Oldsmobile. On October 19, 1990, pursuant to R.C. 2933.43, appellant filed a petition to forfeit the vehicle.

Effective November 20, 1990, R.C. 2933.43 was amended. The amendment changed the time frame in which a hearing must be held on a petition to forfeit the seized property.

On December 19, 1990, appellees answered the forfeiture petition and moved to dismiss the petition on the grounds that appellant had failed to comply with important procedural requirements.

In January 1991, appellees tendered their guilty pleas to felony drug charges. The pleas were subsequently accepted and sentencing was set for May 1991.

On March 14, 1991, the trial court scheduled a hearing on the petition to forfeit the Oldsmobile for April 5, 1991. The record does not reveal what took place on April 5. However, on April 25, appellant and appellees jointly moved to continue the hearing to a later date to allow for briefing of the issues raised in appellees' motion to dismiss. The parties stipulated, and the court ordered, that appellees were not waiving any defense that had been available to them on April 5, 1991.

Appellees, on their motion to dismiss, argued that the action was governed by the version of R.C. 2933.43 that was in effect on the date the petition was filed and, under that version of the statute, the hearing was untimely. Appellant responded by essentially agreeing that the hearing was untimely under the older version of the statute.[1] However, appellant maintained that the amendment which expanded the time limits was procedural in nature and thus should be applied retroactively to the pending case.

The trial court dismissed the petition with minimal discussion. Appellant then filed this timely appeal, offering the following three assignments of error:

"I. The court below erred to the prejudice of the appellant when it determined that the legislative changes to § 2933.43(C) of the Revised Code were substantive and not procedural in nature as they relate to this instant case.

---

1. The parties' construction of the unamended version of the statute is questionable. However, the parties have not contended in this court or in the trial court that the older version of R.C. 2933.41 allowed for the hearing as scheduled by the trial court. Generally, we will not address issues that have not been properly raised.

"II. The court below erred to the prejudice of the appellant when it determined that Article II, § 28 of the Ohio Constitution proscribes retroactive application of remedial/procedural due process rights.

"III. The court below erred to the prejudice of the appellant when it determined that the parties below had not stipulated to the issue as procedural and not substantive in nature."

Appellant's second and third assignments of error purport to question various rulings of the trial court. We have searched the record before us. We find, however, no ruling by the trial court holding that the state Constitution does or does not proscribe retroactive application of statutes. Furthermore, we find no ruling where the court interpreted or even commented on the stipulations that were made between the parties. Accordingly, we find appellant's second and third assignments of error not well taken.

Appellant's first assignment of error is also phrased narrowly. Again, we have carefully reviewed the record, yet we have found no specific ruling made by the trial court concerning the substantive or procedural nature of the amendment to R.C. 2933.43. Nevertheless, based on the arguments offered by appellant, we interpret appellant's first assignment of error as an assertion that the court erred in declining to apply the amended version of the statute to the case at hand.

Appellant argues that the amendments to R.C. 2933.43 were procedural in nature and therefore should be applied retrospectively to cases pending on the effective date of the amendment. However, resolution of the procedural/substantive issue addresses only whether the amendment *may* be applied to pending cases consistent with constitutional principles. The preliminary question to be answered is not whether the statute may be applied retrospectively; it is whether the legislature intended it to be retrospective. In *Van Fossen v. Babcock & Wilcox* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, the court stated that statutes are presumed to be applied prospectively only.[2] The presumption can be overcome only where the legislature specifically states that the statute is to apply to pending cases. Only then does the court determine if the legislature's attempt is consistent with the Constitution. *Warren Cty. Bd. of Commrs. v. Lebanon* (1989), 43 Ohio St.3d 188, 190, 540 N.E.2d 242, 244–245. In the instant case, the General Assembly did not specifically make the statute applicable to pending cases. Therefore, the amendment is not to

---

**2.** See R.C. 1.48 and 1.58. We are aware of a line of cases which seems to exempt procedural and remedial statutes from this presumption. *French v. Dwiggins* (1984), 9 Ohio St.3d 32, 9 OBR 123, 458 N.E.2d 827; *Kilbreath v. Rudy* (1968), 16 Ohio St.2d 70, 45 O.O.2d 370, 242 N.E.2d 658. Our view is that *Van Fossen* and *Warren Cty. Bd. of Commrs.* implicitly overrule those cases.

be applied to pending cases. Accordingly, we find appellant's first assignment of error not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining. The judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.