**HOBLER et al., Appellants,**

v.

**MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.** ▋

[Cite as *Hobler v. Motorists Mut. Ins. Co.* (1995), 105 Ohio App.3d 629.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–95–10.

Decided Aug. 9, 1995.

*Peter R. Van Arsdel,* for appellants.

*Freund, Freeze & Arnold, Jane M. Lynch* and *August T. Janszen,* for appellee.

HADLEY, Judge.

Plaintiffs-appellants, Jeffrey and Laura Hobler, appeal from the judgment entry entered in the Auglaize County Common Pleas Court wherein the trial court granted summary judgment to defendant-appellee, Motorists Mutual Insurance Company. This case was originally assigned to the accelerated docket. Because of the issues raised in this appeal, we issue the following opinion pursuant to Loc.App.R. 12(5).

Appellants initially brought this declaratory judgment action on August 9, 1993, and later amended their complaint on September 23, 1994, urging the trial court to declare their rights and obligations pursuant to the terms of their insurance contract with appellee. In their prayer, appellants requested $102,000 from appellee. Subsequently, appellants filed a motion for summary judgment on September 30, 1994. Appellee also filed a motion for summary judgment on October 3, 1994. Also on that date, the parties filed stipulations as to the facts of this case.

The stipulations indicate that Jeffrey Hobler sustained injury in an automobile accident on May 18, 1992, with Davey Kemmann ("tortfeasor"). At the time of the accident, appellee provided appellants with a contract of insurance which provided for underinsurance amounts of $100,000 per person, $300,000 per occurrence, and medical payments coverage in the amount of $2,000. Appellee paid $2,000 to Jeffrey for his medical bills pursuant to the medical payments coverage of the parties. The tortfeasor also carried liability insurance at the time of the accident. The tortfeasor's insurer exhausted its liability limits pursuant to its policy by providing appellants with $98,000 and providing appellee with $2,000. The parties further stipulated that Jeffrey and Laura (although Laura was not involved in the accident) sustained damages as a result of the May 18, 1992

accident in the amount of $200,000. Finally, the parties stipulated that Jeffrey incurred medical expenses exceeding $2,000.

Appellants argued in their motion for summary judgment that pursuant to the underinsurance provisions of their insurance contract with appellee and the recent decision by the Ohio Supreme Court in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, they were entitled to recover $100,000 from appellee. Additionally, appellants argued that they were entitled to an additional $2,000 from appellee pursuant to the medical payments coverage provision of their insurance contract with appellee.

Appellee argued in its October 3, 1994 motion for summary judgment that based upon the express terms of its insurance contract with appellants and the impending amendment of R.C. 3937.18(A)(2) (which, appellee argues, would reinstate the public policy of underinsurance law in effect prior to *Savoie* ), the trial court should grant its motion for summary judgment and declare appellants not to be entitled to any monies under their insurance contract.

The trial court reached the conclusion in its February 17, 1995 journal entry that, by the October 20, 1994 amendment to R.C. 3937.18(A)(2) and the staff notes thereto, the General Assembly intended the newly amended R.C. 3937.18(A)(2) to be applied retroactively. Applying this statute to the insurance contract, the trial court concluded that appellants were not entitled to any further monies from appellee and, therefore, granted summary judgment to appellee.

It is from this judgment entry that appellants assert three assignments of error.

Assignment of Error Number One

"The trial court erred in applying [Am.Sub.] S.B. 20 of the 120th General Assembly (amendments to Ohio Revised Code 3937.18) retroactively in the instant case."

Assignment of Error Number Two

"The trial court erred in interpreting Article II, Section 28 of the Ohio Constitution to allow Ohio trial courts to find that the Ohio Supreme Court has erred in its decisions and then to cure this claimed error retroactively."

The first two assignments of error raised by appellants in their brief will be resolved together, as each assignment of error relates to the two hurdles which have been established by the Ohio Supreme Court to determine whether a statute is to be applied retroactively. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. The first hurdle is statutory and the second hurdle is constitutional. *Id.* The statutory hurdle must be overcome prior to any constitutional analysis of the alleged retroactive statute. *Id.* at 106, 522 N.E.2d

at 495–496; R.C. 1.48. Thus, "[t]he issue of whether a statute may *constitutionally* be applied retrospectively does not arise unless there has been a prior determination that the General Assembly has specified that the statute so apply. Upon its face, R.C. 1.48 establishes an analytical threshold which must be crossed prior to inquiry under Section 28, Article II. As we pronounced in *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 339, 503 N.E.2d 753, 756, where 'there is no clear indication of retroactive application, then the statute may *only* apply to cases which arise subsequent to its enactment.' [Footnote omitted.] (Emphasis added.)" *Van Fossen* at 106, 522 N.E.2d at 495.

■ R.C. 1.48 states that "[a] statute is presumed to be prospective in its operation unless *expressly* made retrospective." (Emphasis added.) Courts interpreting this rule of construction have stated that the statute in question must have a "clear indication," [1] an express indication,[2] or a specific [3] indication that it is to be applied retrospectively.

The recently, and relevant, amended version of R.C. 3937.18, effective October 20, 1994,[4] does not clearly, expressly, or specifically indicate that R.C. 3937.18 is to be applied retroactively. Specifically, the entire statute, in its amended version, makes no mention of application of the statute prior to the amended effective date.

■ R.C. 1.48 only requires a court to examine the statute to determine the express intent of the General Assembly; thus, resort to other methods of interpretation is not permitted by R.C. 1.48 to determine retroactivity since only clear (not ambiguous) indications will be permitted to pass the statutory hurdle of R.C. 1.48.

■ In conclusion, we hold that R.C. 3937.18 does not apply retroactively and, therefore, it can only be applied to actions initiated subsequent to its effective amendment date. Further, because R.C. 3937.18 cannot statutorily be applied retroactively, a determination of whether R.C. 3937.18 may constitutionally be applied retroactively is not necessary and thus, we need not address appellants' second assignment of error. *Van Fossen, supra*; App.R. 12(A)(1)(c).

Thus, the proper law to be applied to the issues raised by appellants' complaint is *Savoie*, at paragraph three of the syllabus, which states in pertinent part:

1. *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 339, 503 N.E.2d 753, 756.

2. *Penn v. Rockwell Internatl. Corp.* (S.D.Ohio 1990), 756 F.Supp. 1040.

3. *Erie Cty. Drug Task Force v. Essian* (1992), 82 Ohio App.3d 27, 610 N.E.2d 1181.

4. Unless otherwise indicated, when R.C. 3937.18 is used herein, it refers to the October 20, 1994 version of R.C. 3937.18.

"An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers. (*Hill v. Allstate Ins. Co.* [1990], 50 Ohio St.3d 243, 553 N.E.2d 658, overruled.)"

Appellee argues that *Savoie* should not be applied to the matter *sub judice* because first, the express language of the parties' insurance contract mandates that a setoff be effectuated herein; second, pursuant to the language of R.C. 3937.18(A)(2) in effect prior to its amendment effective October 20, 1994, the statute required a setoff of an insured's underinsurance amount against the "amounts actually recovered" by the insured from the tortfeasor's liability insurer; and, finally, the swift response by the General Assembly of this state indicates that *Savoie* was simply bad law and goes against the legislative and statutory intent of R.C. 3937.18(A)(2).

We believe that the Ohio Supreme Court's *per curiam* opinions in *Newman v. United Ohio Ins. Co.* (1994), 68 Ohio St.3d 170, 624 N.E.2d 728, and *Hillman v. Hastings Mut. Ins. Co.* (1994), 68 Ohio St.3d 238, 626 N.E.2d 73, and the subsequent clarifications of those opinions by the Ohio Supreme Court in *Newman v. United Ohio Ins. Co.* (1994), 69 Ohio St.3d 1204, 631 N.E.2d 157, and *Hillman v. Hastings Mut. Ins. Co.* (1994), 69 Ohio St.3d 1203, 631 N.E.2d 157, dispose of appellee's arguments.

Appellants' first assignment of error is sustained and appellants' second assignment of error is rendered moot by our decision on the first assignment of error.

Assignment of Error Number Three

"The trial court erred in overruling plaintiffs['] motion for an award of medical payments coverage."

Appellants argue that they are entitled to $2,000 from the medical payments provision of their insurance contract with appellee. As noted above, the parties stipulated that appellee has paid Jeffrey Hobler $2,000 in medical payments coverage.

We are unable to address this assignment of error. Appellants, contrary to App.R. 16(A)(7), fail to support their assignment by, at a minimum, providing the page number or section in the ten-page insurance contract where the alleged medical payments coverage provision is upon which they rely. Moreover, they rely on case law which is effective when separate premiums have been paid; however, appellants fail to document evidence of a separate premium being paid. Finally, it is questionable whether the case law cited by appellants is applicable to the facts and alleged contract provision upon which they rely.

For these reasons, this assignment of error is overruled.

The judgment of the Auglaize County Common Pleas Court is reversed and the cause is remanded on appellants' first assignment of error for proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.