SMITH, Appellant,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Smith v. Nationwide Mut. Ins. Co.* (1995), 107 Ohio App.3d 769.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17-95-17.

Decided Dec. 14, 1995.

*Elsass, Wallace, Evans, Schnelle & Co., L.P.A., Richard H. Wallace* and *Thomas A. Ballato,* for appellant.

*Robinson, Curphey & O'Connell, Edwin A. Coy* and *Evy M. Jarrett,* for appellee.

---

Evans, Judge.

This is an appeal brought by Matthew Smith ("appellant") from a decision rendered by the Court of Common Pleas of Shelby County in favor of Nationwide Mutual Insurance Company ("Nationwide"), denying appellant's complaint for declaratory judgment.

The facts in this case are not in dispute. Appellant was involved in a automobile accident on September 3, 1993 and suffered severe injuries. At the time, appellant was insured by Nationwide. With the consent of Nationwide, appellant settled with the tortfeasor for $25,000, exhausting the tortfeasor's liability insurance. The money paid by the tortfeasor's insurance policy, however, was not enough to pay for all of the damages incurred by appellant. Therefore, appellant proceeded under his own underinsured motorist provision and submitted an uninsured/underinsured motorist ("UIM") claim to Nationwide for $100,-000. Appellant's policy with Nationwide provided him with UIM coverage in the amount of $100,000 per person, with a per occurrence limit of $300,000. The policy stated that Nationwide agreed to pay losses up to the limits stated; however, the limit of the coverage was to be reduced by any amount paid by any liable parties.[1]

When appellant requested payment under his UIM policy coverage, Nationwide claimed that it had the right to set off the $25,000 appellant had received from the tortfeasor's insurer against the UIM coverage it owed to appellant. Because of this setoff, Nationwide maintained, the most appellant could receive from his UIM coverage with Nationwide was $75,000, $100,000 policy limits minus the $25,000 setoff from the tortfeasor. Appellant argued that the $25,000 he received from the tortfeasor could only be set off against appellant's total damages, and not against the policy limits. Appellant brought a declaratory judgment action seeking a determination that the entire amount of UIM coverage purchased by appellant, $100,000, should be awarded to him. The trial court judge found in favor of Nationwide, allowing the setoff to be taken against the limits stated in the policy. Appellant now appeals, asserting two assignments of error.

## ASSIGNMENT OF ERROR No. 1

"The trial court erred when it held that Nationwide was entitled to set off the $25,000 paid to Smith by the liability insurer of the tortfeasor against the limits of the underinsured motorist coverage of Smith."

---

1. In the appellant's policy, the "LIMITS OF PAYMENT" section relating to uninsured motorists reads as follows:

"AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:
"1. * * * The per person limit is the total amount available when one person sustains bodily injury, including death, to one person as a result of one occurrence. * * *
"* * *
"3. The limits of this coverage will be reduced by any amount paid by or for any liable parties."

## ASSIGNMENT OF ERROR No. 2

"The trial court erred when it held that Am.Sub.S.B. 20, which amended R.C. § 3937.18, should be given retroactive application."

In his first assignment of error, appellant contends that Nationwide can only set off the $25,000 payment by the tortfeasor's insurer against the *total* damages of appellant, not against the insurance policy limit. Therefore, appellant argues that he is entitled to $100,000. Appellant cites the Ohio Supreme Court decision of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, in support of this argument. Paragraph three of the syllabus in *Savoie* states,

"An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers. (*Hill v. Allstate Ins. Co.* [1990], 50 Ohio St.3d 243, 553 N.E.2d 658, overruled.)"

Furthermore, appellant asserts, the text of *Savoie* states that injured motorists may collect up to the full limit of the UIM policy to the extent their damages exceed the tortfeasor's liability insurance. *Savoie*, 67 Ohio St.3d at 508, 620 N.E.2d at 815.

The *Savoie* syllabus quoted above does not explicitly address the question of whether setoff should be taken from the coverage limit within the policy or from the total damages of the insured. Although the text of *Savoie* and other Supreme Court cases have discussed the issue, we are bound to follow the controlling points of law contained within the syllabus. S.Ct.R.Rep.Op. 1(B). The syllabus of *Savoie* does not answer the issue we find presented in this case. Furthermore, at the time this case arose, R.C. 3937.18(A)(2)[2] provided the following:

"The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."

---

2. R.C. 3937.18(A)(2) was amended on October 20, 1994 with the intent to supersede the holding in *Savoie* relative to the underinsured motorist coverage where the tortfeasor's liability insurer covers more than or is equal to the amount of UIM policy limits. The current version of the statute changed the above quoted portion of R.C. 3937.18(A)(2) to state:

"Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."

Clearly, the statute allowed setoff to be taken against the policy limits.

In addition to the statute, the Supreme Court of Ohio in *James v. Michigan Mut. Ins. Co.* (1985), 18 Ohio St.3d 386, 18 OBR 440, 481 N.E.2d 272, had decided that insurers could set off payments made by underinsured motorists against their own underinsured coverage limits. The court determined setoff to be allowable so long as the setoff was explicitly provided for in the insurance contract and did not result in the insured receiving less than he would have received had he been injured by an uninsured motorist. Again, in *In re Nationwide Ins. Co.* (1989), 45 Ohio St.3d 11, 543 N.E.2d 89, the Supreme Court held that "setoff against the limits of underinsured and uninsured motorist coverage is permitted under R.C. 3937.18(E), provided the setoff is clearly set forth in the provisions of the insurance policy." We find it noteworthy that *Savoie* did not overrule these cases, nor did it specifically address that portion of R.C. 3937.18(A)(2) which allows setoff to be taken against the limits of UIM coverage.

Given the ambiguity surrounding the *Savoie* decision, we are inclined to follow *James* and *In re Nationwide* in conjunction with the language of R.C. 3937.18 applicable to this case. Under this law, Nationwide in this case clearly had a right to set off the $25,000 appellant had received from the tortfeasor's liability insurer against its own coverage limits. The policy that appellant had with Nationwide explicitly provided for a right of setoff in such cases and R.C. 3937.18 authorizes a setoff. Appellant's first assignment of error is overruled.

Appellant's second assignment of error claims that the trial court erred when it held that Am.Sub.S.B. No. 20, which amended R.C. 3937.18, should be applied retroactively. This court has agreed with appellant in *Hobler v. Motorists Mut. Ins. Co.* (1995), 105 Ohio App.3d 629, 664 N.E.2d 999. However, further consideration of this error is rendered moot following our decision to overrule appellant's first assignment of error.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we overrule the first assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.