OPINION
Plaintiff-appellant, the state of Ohio, appeals a decision of the Fayette County Court of Common Pleas granting defendant-appellee, Samuel R. McClendon, judicial release. We affirm in part as modified, reverse in part, and remand the case for further proceedings consistent with this opinion.
On September 9, 1996, the grand jury indicted McClendon for one count of robbery, a violation of R.C. 2911.02(A)(2), a second-degree felony. The charge resulted from an incident on July 10, 1996, where McClendon forcibly took a wallet from Timothy Sias and injured him. McClendon entered a plea of not guilty and the matter proceeded to trial. The jury found appellant guilty of robbery as charged in the indictment. In an entry filed on February 3, 1997, the trial court sentenced McClendon to a five-year prison term. McClendon did not directly appeal his sentence.
Instead, McClendon moved the trial court for judicial release pursuant to R.C. 2929.20 on August 18, 1997. The trial court denied the motion without a hearing in a March 30, 1997 journal entry. McClendon again moved for judicial release on October 27, 1998, and February 1, 1999 and the trial court denied the motions without a hearing in an April 29, 1999 journal entry.[1]
On August 5, 1999, McClendon moved the trial court for reconsideration of his judicial release eligibility and to set the matter for hearing. The state opposed the motion, asserting that McClendon had not served the statutory five years necessary to file the motion as required by R.C. 3939.20(B)(3). In a November 19, 1999 journal entry, the trial court denied the motion without holding a hearing.
On December 14, 1999, McClendon moved for reconsideration of judicial release. The state responded again that McClendon was not an eligible offender pursuant to R.C. 2929.20(B)(3). The trial court held a hearing on the motion. Pursuant to App.R. 9(C) and (D), an agreed statement of the hearing was entered into the record due to a malfunction in the audiotape recording system.[2] According to the agreed statement, the trial court held that R.C. 2929.20(B)(3) "is in violation of the equal protection clause of the Ohio Constitution and unconstitutional insofar as it excluded only those who receive a sentence of five years incarceration from eligibility for judicial release." In a February 14, 2000 entry, the trial court held that R.C. 2929.20(B)(3) was unconstitutional as applied to offenders serving a term of five years and granted McClendon judicial release with numerous conditions. The trial court placed McClendon under five years of community control with numerous conditions.
The state appeals raising the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY DECLARING OHIO REVISED CODE SECTION 2929.20(B)(3) VIOLATES THE EQUAL PROTECTION CLAUSE OF THE OHIO CONSTITUTION.
In its sole assignment of error, the state maintains that R.C.2929.20(B)(3) as applied to offenders sentenced to exactly five years imprisonment does not violate the Equal Protection Clause of the Ohio Constitution.
Initially, we note that the General Assembly amended R.C. 2929.20(B)(3) on March 23, 2000, and the issue presented for review in part is moot. See State v. Brinkley (Oct. 30, 2000), Stark App. No. 1999CA00412, unreported, (finding that the issue of whether R.C. 2929.20[B][3] is unconstitutional raised by an eligible offender sentenced in 1999 is moot because the General Assembly amended the statute). See, also, Griffin 
Katz, Ohio Felony Sentencing Laws (2000) 8, Overview IV. R.C.2929.20(B)(3) as effective March 23, 2000, allows eligible offenders sentenced to five years of imprisonment to file for judicial release after serving four years of his prison term. However, the amended statute did not expressly state that it applies to cases pending on appeal, and therefore it is inapplicable to this case. Erie Cty. DrugTask Force v. Essian (1990), 82 Ohio App.3d 27, 29-30. We therefore limit our discussion to whether R.C. 2929.20(B)(3) as applied to McClendon is unconstitutional, and not as applied to all offenders sentenced to five years of imprisonment.
The statute permits a sentencing court to reduce the stated prison term of an "eligible offender." R.C. 2929.20(B). One type of eligible offender is "[a] person who has been convicted of or pleaded guilty to a felony, who is serving a stated prison term of ten years or less, and who is not serving a mandatory prison term." R.C. 2929.20(A)(1)(a).
R.C. 2929.20(B)(3) provides that:
 [u]pon the filing of a motion by the eligible offender or upon its own motion, a sentencing court may reduce the offender's stated prison term through a judicial release in accordance with this section. The court shall not reduce the stated prison term of an offender who is not an eligible offender. An eligible offender may file a motion for judicial release with the sentencing court within the following applicable period of time:
* * *
 (2) Except as otherwise provided in division (B)(3) of this section, if the stated prison term was imposed for a felony of the first, second, or third degree, the eligible offender shall file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution.
 (3) If the stated prison term is five years or more and less than ten years, the eligible offender shall file the motion after the eligible offender has served five years of the stated prison term.
Two appellate courts in Ohio have previously considered this issue and reached contrary conclusions. The Ninth District Court of appeals held that R.C. 2929.20(B)(3) is constitutional because appellant failed to prove beyond a reasonable doubt that the statute was unconstitutional.State v. Vincer, 1999 Ohio App. WL 743897, at *3 (Sept. 22, 1999), unreported. The Eleventh District Court of Appeals held that R.C.2929.20(B)(3) was unconstitutional because it does not allow an eligible offender sentenced to five years an opportunity to apply for judicial release. State v. Brody, 1999 Ohio App. Ohio App. WL 535283, at *3 (July 16, 1999), Lake App. No. 98-L-165, unreported. See, also, State v.Stausbraugh (C.P. 1997), 87 Ohio Misc.2d 31.
We begin with the premise that legislative enactments are presumed constitutional. R.C. 1.48, However, this presumption is rebuttable.State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. The presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional. See Roosevelt Properties Co. v. Kinney (1984),12 Ohio St.3d 7, 13.
While the General Assembly has the authority to enact laws prescribing punishment for criminal conduct and conditions for release therefrom, it must operate within the confines of equal protection. See State v.Williams (2000), 88 Ohio St.3d 513, 531; Fabrey v. McDonald Police Dept.
(1994), 70 Ohio St.3d 351, 355. The Equal Protection Clause provides that:
 All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform or abolish the same, whenever they may deem it necessary; and no special privileges or immunities shall ever be granted, that may not be altered, revoked, or repealed by the general assembly.
Section 2, Article I, Ohio Constitution.
The standard to determine whether a statute violates equal protection is "essentially the same under state and federal law." State v.Thompkins (1996), 75 Ohio St.3d 558, 561, quoting Fabrey v. McDonaldVillage Police Dept. (1994), 70 Ohio St.3d 351, 353. In the absence of a fundamental right or suspect class, legislative enactments are constitutional if they are rationally related to a legitimate government interest. Thompkins at 561; Fabrey at 353. The right to judicial release has been held not to involve a fundamental right or a suspect class. Vincer, 1999 Ohio App. WL 743897, at *1; Brody, 1999 Ohio App. WL 535283, at *3. Consequently, the statute must be upheld if it bears a rational relationship to a legitimate governmental interest unless it treats similarly situated people in a different manner based upon an illogical and arbitrary basis. Adamsky v. Buckeye Local School Dist.
(1995), 73 Ohio St.3d 360, 362; Morris v. Savoy (1991), 61 Ohio St.3d 684,711, citing State v. Buckley (1968), 16 Ohio St.2d 128, (A.W. Sweeney, J., concurring in part and dissenting in part). See, also, Heller v.Doe (1993), 509 U.S. 312, 320, 113 S.Ct. 2637, 2642; Am. Assn. of Univ.Professors, Cent. State Univ. v. Cent. State Univ. (1999),87 Ohio St.3d 55, 58.
The state contends that there is a rational basis and a legitimate state interest in requiring certain offenders to serve at least five years of their sentence before they can timely file a motion for judicial release. The state's argument rests primarily on the Vincer decision and McClendon's argument rests on the Brody decision.
The Ohio General Assembly enacted R.C. 2929.20 on July 1, 1996 as part of the sweeping changes of sentencing reform. The purpose of sentencing reform was truth in sentencing in order to enhance public safety by achieving certainty in sentencing. Griffin Katz, Ohio Felony Sentencing Laws (2000) 3, Overview II. The expectation is that a defendant will serve virtually the entire prison sentence imposed at the sentencing hearing. Because the sentencing commission recognized that conditions change and requiring the offender to serve the entire sentence is not always in the best interest of assuring justice, the legislature codified exceptions to serving the entire sentence within R.C. 2929.20. Id. at 184.
Further, R.C. 2929.11(A) provides that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." On its face, R.C. 2920.20(B)(3) bears a real and substantial relationship to this goal.
However, R.C. 2929.20(B)(3), a provision of the judicial release statute, creates a classification of offenders sentenced to ten years or less eligible to apply for judicial release. Eligible offenders sentenced to terms of imprisonment other than five years in length are granted an opportunity to apply for judicial release prior to the expiration of the prison sentence imposed by the sentencing judge under R.C. 2929.14. An offender convicted of a second-degree felony may be sentenced to a prison term of two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2).
The practical application of R.C. 2929.20(B)(3) as applied to McClendon precludes him from filing a motion for judicial release because he will have served his prison term completely before he will be permitted to file a motion. Likewise, the trial judge has no opportunity to modify the sentence based upon changed circumstances.
R.C. 2929.20(B)(3) does not just limit the time frame, but precludes an eligible offender such as McClendon from timely filing a motion for judicial release until he has served his entire five-year sentence. This disparity is irrational and violates equal protection principles, which demand that those situated in the same class receive equal treatment. While the General Assembly may provide for judicial release for offenders, it may not arbitrarily and irrationally decide when an eligible offender may apply for judicial release. In our view, the ostensible purpose of R.C. 2929.20(B)(3), as applied to McClendon, does not withstand equal protection scrutiny under a rational basis analysis. Based upon the foregoing, we hold that R.C. 2929.20(B)(3) is unconstitutional as applied to McClendon because it violates Section 2, Article I of the Ohio Constitution. The assignment of error is sustained.
Having considered the assignment of error raised herein, we also note that the February 14, 2000 judgment entry reveals that the trial court granted judicial release without following the mandatory requirements of R.C. 2929.20(H) and (I) and modified McClendon's sentence contrary to law.
An appellate court considering an R.C. 2953.08(B)(3) appeal is directed to review "[a]ny written findings that the court was required to make in connection with the modification of the sentence pursuant to a judicial release under division (H) of section 2929.20 of the Revised Code." R.C. 2953.08(F)(4). R.C. 2953.08(G)(2)[3] provides that:
 The court hearing an appeal under division (B)(3) of this section of a trial court's modification pursuant to section 2929.20 of the Revised Code of a sentence that was imposed upon a defendant for a felony of a first or second degree may overturn the modification and reinstate the original sentence, or may vacate the modification of the sentence and remand the matter to the trial court for reconsideration, only if the court clearly and convincingly finds any of the following:
 (a) That the record does not support the modification based on the criteria for modification set forth in division (H) of section 2929.20 of the Revised Code;
 (b) That the modification was not made in accordance with the procedures set forth in section 2929.20 of the Revised Code, that the defendant was not eligible for the modification under that section, or that the modification otherwise was contrary to law.
A review of R.C. 2929.20(H)[4] shows that the trial court "shall not grant a judicial release" for an eligible second-degree felony offender unless it makes the findings contained in R.C. 2929.20(H)(1)(a) and (b). Additionally, R.C. 2929.20(H)(2) requires the court to "specify on the record" the findings contained in R.C. 2929.20(H)(1)(a) and (b) and "list all the factors described in that division that were presented at the hearing." R.C. 2929.20(I) mandates that the trial court "shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction." Our review of the trial court's decision shows that the trial court failed to make these required findings. Therefore, we find that without the required findings, the trial court could not grant judicial release for McClendon even though it found that R.C. 2929.20(B)(3) was unconstitutional as applied to him.
We therefore affirm in part as modified, reverse in part and vacate the modification of the sentence. This cause is remanded to the trial court with instructions to follow the statutory mandates of R.C. 2929.20(H) and (I).
YOUNG and VALEN, JJ., concur.
[1] It is unclear from the record whether the trial court denied McClendon's February 1, 1999 motion for judicial release without a hearing. The state in its brief asserts that the April 29, 1999 entry denied both the October 27, 1998 and February 1, 1999 motions for judicial release. McClendon does not dispute this point. However, the April 29, 1999 entry states that it denied only the October 27, 1998 motion for judicial release. McClendon, in his August 5, 1999 motion for judicial release, asserts that the trial court held an April 30, 1999 hearing and then denied his February 1, 1999 motion on May 2, 1999.
[2] The agreed statement does not reveal any of the arguments presented by either party as to the constitutionality of R.C.2929.20(B)(3).
[3] Section R.C. 2953.08(G) has been subsequently amended by 2000 H331 effective October 10, 2000 and now states "[i]f the sentencing court was required to make the findings required by division (B) or (D) of section2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code relative to the imposition of or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings. R.C. 2953.08(G)(1).
[4] R.C. 2929.29(H)(1) states "[a] court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.