OPINION
Although originally placed on our accelerated calendar, we elect to transfer this appeal to the regular docket and issue a full opinion in accordance with Loc.R. 12(5).
Appellant, Raymond E. Bush, brings this appeal from a judgment of the Court of Common Pleas of Union County denying his post-sentence motion to withdraw a guilty plea. Due to the fact that a fatal procedural defect exists in this case, we are unable to reach the merits of the assertions raised on appeal and must affirm the judgment of the trial court.
On August 20, 1997, the Union County Grand Jury returned a five-count indictment against Appellant for his participation in certain events occurring earlier that same month. The charges included two counts of breaking and entering, one count of grand theft of a motor vehicle, one count of theft, and one count of possession of criminal tools. All offenses were classified as fifth degree felonies except for grand theft of a motor vehicle, which was a felony of the fourth degree.
Appellant initially entered not guilty pleas and the matter was set for trial. However, Appellant subsequently made a motion to withdraw the original pleas in order to plead guilty to the indictment. On October 17, 1997, the trial court apparently held a hearing and entered judgment accepting the change of plea on all five counts. This Court was not provided with a transcript of that hearing. Notably, the judgment entry included the following language:
 I understand that if I am sentenced to prison terms I am eligible for judicial release upon serving not less than 30 days nor more than 90 days, after entering a state correctional institution.
The entry goes on to state:
 This Court finds the Defendant fully understood the waiver of his constitutional rights and the nature of the offenses, the range of penalties therefore, and that he is eligible for judicial release.
 This judgment entry was signed by Appellant, both attorneys involved in the case, and the trial judge. Sentencing was continued pending the preparation of a presentence investigation report.
By way of entry dated December 2, 1997, the trial court ordered Appellant to serve eighteen months in prison on the fourth degree felony, and twelve months on each of the fifth degree felonies. These terms represented the maximum allowable sentences under R.C. 2929.14. In addition to the maximum terms, the court also ordered all sentences to be served consecutively, for a total of 5 1/2 years. Appellant did not directly appeal the sentence.
Thereafter, on May 28, 1998, Appellant, through counsel, filed a motion for judicial release pursuant to R.C. 2929.20. In a one-sentence judgment entry, the trial court overruled Appellant's motion.
Approximately six months later, on December 30, 1998, Appellant filed apro se motion to modify the sentence pursuant to R.C. 2929.51. Specifically, Appellant requested the court to modify the order from consecutive to concurrent prison terms. The trial court summarily overruled this motion as well.
Appellant then filed a pro se motion for judicial release in July 1999. Again, the trial court denied the motion.
At this point, it is apparent that Appellant retained new counsel. On November 1, 2000, Appellant's attorney filed a motion to withdraw the guilty pleas pursuant to Crim.R. 32.1, arguing that a "manifest injustice" had occurred because Appellant did not enter the pleas knowingly or intelligently as they were based upon false information. More specifically, although the judgment entry of conviction states that Appellant would be eligible to apply for judicial release after thirty days from entering a state correctional facility, this is not permitted under Ohio's felony sentencing laws. We note that the State of Ohio filed a response to the motion, asserting that the prosecutor intended to support early judicial release after Appellant had served only forty-five days of his sentence. Notwithstanding, on November 13, 2000, the trial court overruled Appellant's motion without providing a basis for the decision.
Appellant then filed the instant appeal wherein he sets forth a single assignment of error for our review:
 The trial court erred when it denied Mr. Bush's motion to withdraw his guilty pleas.
A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:
 A motion to withdraw a plea of guilty may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In accordance with the above quoted language, a defendant who attempts to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. However, under certain circumstances, it appears as though a defendant will be precluded from employing Crim.R. 32.1 in an attempt to vacate a conviction and sentence stemming from a previously entered plea of guilty or no contest. Specifically, the Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
In the aftermath of Reynolds, Ohio courts have "begun construing the content of post-sentence motions to withdraw guilty pleas to determine whether they more properly raise issues that would be better classified as coming within the postconviction statute." State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported. While there is some disagreement, the majority of our sister courts have applied Reynolds to hold that a motion to withdraw a guilty plea, which is filed outside the time for direct appeal and which seeks vacation of a conviction and sentence based upon an alleged constitutional violation, must be reviewed as a petition for post-conviction relief, regardless of how the motion is actually captioned. See, e.g., State v. Deer (Mar. 2, 2001), Lawrence App. No. 00CA24, unreported; State v. Walters (1998), 138 Ohio App.3d 715, discretionary appeal not allowed (2000), 90 Ohio St.3d 1479; State v.Gaddis, supra; State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP0-109, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Hill (1998), 129 Ohio App.3d 658, discretionary appeal not allowed (1999), 84 Ohio St.3d 1470. But see,State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported andState v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported (holding that the time constraints of R.C. 2953.21 and R.C. 2953.23
should not apply to motions made under Crim.R. 32.1).
By interpreting Reynolds in this manner, the courts have created a "bright-line rule". Hill, 129 Ohio App.3d at 661. The underlying purpose of this rule is apparently to prevent a litigant from "[circumventing] the legislatively mandated requirements of [the post-conviction relief statute] by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for postconviction relief." Id. Admittedly, we are not comfortable with the harsh results of this "bright-line rule" as it relates to motions made under Crim.R. 32.1, which, on its face, does not contain a time limitation within which a criminal defendant must file. In reality, the option of Crim.R. 32.1 has been virtually eliminated for individuals situated like Appellant.
For these reasons, we would be inclined to agree with the Second and Eleventh districts to conclude that Crim.R. 32.1 was not intended to be subsumed by the time limitations outlined in the post-conviction relief statutes. However, this Court is cognizant of the fundamental principle that requires us to follow the controlling points of law contained within a Supreme Court syllabus. See Smith v. Nationwide Mut. Ins. Co. (1995),107 Ohio App.3d 769, 771; S.Ct.R.Rep.Op. 1(B). Although the Reynolds
syllabus does not specifically mention a Crim.R. 32.1 request nor does the text of the case discuss this particular type of filing, we find that the controlling language is certainly broad enough to encompass such a motion. This general syllabus language requires us to conclude that if a motion to withdraw a guilty plea is filed outside the time for a direct appeal and it alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for post-conviction relief under R.C. 2953.21.
In this case, Appellant styled his motion as one to withdraw the guilty pleas pursuant to Crim.R. 32.1. However, the memorandum in support states that the motion is based upon a claim that the pleas were not entered knowingly or intelligently because of the inaccurate information that Appellant received concerning his eligibility for early judicial release. The Due Process Clause of the United States Constitution mandates that a plea of guilty be entered knowingly and intelligently. See Parke v.Raley (1992), 506 U.S. 20, 28-30, 113 S.Ct. 517, 523, 121 L.Ed.2d 391,403-404. It logically follows then that an assertion that a guilty plea was not entered knowingly or intelligently is constitutional in nature.Cf. State v. Perry (Sept. 27, 2000), Lorain App. No. 00CA007535, unreported. Therefore, in accordance with the previous discussion, we must construe Appellant's motion as a petition for post-conviction relief.
R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." The trial court sentenced Appellant on December 2, 1997. Appellant did not file his petition until November 1, 2000, well after the time limits had expired.
According to R.C. 2953.23(A), a court may not entertain an untimely petition unless the petitioner can show, among other things, that he was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner. Appellant's petition fails to mention either of these exceptions.
Consequently, we must conclude that Appellant failed to file a timely petition for post-conviction relief. As such, the trial court lacked jurisdiction to consider the issues contained therein. See Gaddis,supra, at **2. Even though the trial court did not articulate the foregoing as a basis for its decision, we affirm the denial of Appellant's untimely petition. Accord, Hill, 129 Ohio App.3d at 661.
Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed. Additionally, because of the impact that this decision will have on criminal defendants, this Court, sua sponte, certifies this cause to the Supreme Court of Ohio as being in conflict with (1) State v. Cale
(Mar. 23, 2001), Lake App. No. 2000-L-034, unreported; and (2) State v.Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, on the issue of whether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21 and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations. See Section 3(B)(4), Article IV of the Ohio Constitution.
Judgment affirmed.
 __________________ WALTERS, P.J.
HADLEY, J., concurs, SHAW, J., dissenting.